UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CARA BROWN,                          )
                                     )
                Plaintiff,           )    Case No. 1:12-cv-1253
                                     )
v.                                   )    Honorable Janet T. Neff
                                     )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )    **REPORT AND RECOMMENDATION**
                Defendant.           )
_____)

This is a social security action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. In October 2009, plaintiff filed her applications for benefits alleging a February 15, 2007 onset of disability.[1] (A.R. 109-11). Her claims were denied on initial review. On April 26, 2011, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 25-55). On May 27, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 11-19). On September 18, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. She argues that the Commissioner's decision

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, November 2009 is plaintiff's earliest possible entitlement to SSI benefits.

should be overturned because the ALJ "erred in failing to consider functional limitations established by treating and examining sources." (Plf. Brief at 7). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve

the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from February 15, 2007, through the date of the ALJ's decision. (A.R. 13). Plaintiff had not engaged in substantial gainful activity on or after July 15, 2007. (A.R. 12). Plaintiff had the severe impairments of obesity and depression. (A.R. 13). She did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 13). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of medium work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except that the claimant can perform postural activities occasionally, cannot climb ropes, ladders, or scaffolds, cannot work around heights or hazards, can have occasional contact with the public and peers, and is limited to simple work.

(A.R. 14). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (A.R. 14-18). Plaintiff was unable to perform any past relevant work. (A.R. 18). Plaintiff was 31-years-old as of the date of her alleged onset of disability and 35-years-old as

of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. (A.R. 18). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 18). The ALJ found that the transferability of work skills was not material to a determination of disability. (A.R. 18). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 3,900 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 49-51). The ALJ found that this constituted a significant number of jobs. Using Rule 203.29 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled.[2] (A.R. 18-19).

### 1.

Plaintiff relies on evidence that she never presented to the ALJ. (Plf. Brief at 6-7, 9-11). This is patently improper. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision on the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council

---

[2]Plaintiff has "a significant substance abuse history including experimentation with [e]cstasy, crystal meth, LSD, mushrooms, cocaine, and marijuana." (A.R. 15; *see also* A.R. 36-37, 228, 231, 236, 271-72 274, 462, 466, 493, 521, 541, 661). Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that substance abuse was not a factor contributing to her disability. *See Cage v. Commissioner*, 692 F.3d 118, 122-25 (2d Cir. 2012); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability. *See Gayheart v. Commissioner*, 710 F.3d at 380.

denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The relief that plaintiff requests is that the ALJ's decision be "reversed and that the matter be remanded for an award of benefits." (Plf. Brief at 13). She has not asked the court to remand this matter to the Commissioner for consideration of new evidence, nor attempted to shoulder her substantial statutory burden on such a request. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the

ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence-six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried, her burden. *See Ferguson*, 628 F.3d at 276.

The proffered evidence is new because it was generated after the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. *See Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012). The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276. Plaintiff has not addressed, much less carried, her burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. Plaintiff has not addressed or carried her burden. The evidence that plaintiff filed in support of her unsuccessful application for discretionary review by the Appeals Council (A.R. 674-90) would not have persuaded the ALJ to reach a different conclusion on the

question of whether plaintiff was disabled during the period at issue which ended on May 27, 2011. (A.R. 19).

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ "erred in failing to consider functional limitations established by treating and examining sources." (Plf. Brief at 7). Specifically, she argues that the ALJ failed to give adequate weight to a RFC questionnaire completed by Nurse Practitioner Susan Michalowski. (*Id.* at 9) (citing A.R. 516-18). The record shows that the ALJ was justified in placing little weight on the RFC questionnaire, as it was not well supported and conflicted with more substantial evidence, as shown below.

Plaintiff testified that her education included "about a year-and-a-half worth of college at Waverly Community College." (A.R. 28). She retained a valid driver's licence. She lived with her boyfriend and her five-year-old son. (A.R. 28). She stopped working outside the home to provide care for her child. (A.R. 33). Plaintiff conceded that she has no physical impairments that prevent her from working. (A.R. 41-42).

Plaintiff claimed that her depression and bi-polar disorder prevented her from working. (A.R. 41-42). She required very little mental health care during the period at issue: February 15, 2007, through May 27, 2011. The care that plaintiff did receive is summarized on pages 5 and 6 of the ALJ's opinion. (A.R. 15-16). The ALJ noted that in June 2009, Nurse

Michalowski conducted a mental status examination which returned "essentially normal results." (A.R. 15; *see* A.R. 554-62). Officials at Community Mental Health Authority of Clinton, Eaton, and Ingham Counties found that plaintiff was malingering:

> The claimant was seen in Community Mental Health of Clinton Eaton Ingham on May 8, 2010 (Exhibit 16F/1-6). The claimant reported that she had seen a therapist, Cathy Coscarelli, for several visits and then left when the therapist told her that there was nothing wrong with her. The claimant stated that she last smoked marijuana one month earlier. The mental health staff noted the claimant's mood was within normal limits and that the claimant made inconsistent statements. When informed that there were no beds at BCU but that the claimant could call back on Monday, the claimant stated that she could go home and that she would not call back on Monday because she probably would have "snapped out of it by then." She said that she would "be back to normal." The mental health staff noted the claimant had nothing wrong with her and had secondary gains for trying to access BCU to help with applying for disability. The claimant was diagnosed with a personality disorder NOS, malingering, and mood disorder, NOS.
>
> * * *
>
> The claimant went to Community Mental Health of Clinton Eaton Ingham on October 6, 2010 (Exhibit 20F/13-16). The claimant stated that she might attempt suicide. She stated that she could not take care of her four-year-old son and canceled a job interview scheduled for that day. She stated that her medications, which had been changed a day earlier, were not working. The claimant was diagnosed with mood disorder NOS, personality disorder NOS, and malingering.

(A.R. 16; *see* A.R. 519-24, 659-62).

Other mental health experts agreed that plaintiff had few functional limitations. In March 2010, plaintiff received a consultative psychological examination performed by Psychologist Leonard McCulloch. (A.R. 491-97). McCulloch offered a diagnosis of "dysthymia, major depression/chronic/moderate with atypical features, general anxiety disorder, and avoidant personality disorder." (A.R. 16). He "opined that the claimant could understand, remember, and carry out instructions like those on the mental status examination without impairment." (A.R. 16). In April 2010, Ashok Kaul, M.D., a State agency physician, reviewed the evidence and "opined that

the claimant was capable of low stress, simple, routine, repetitive tasks." (A.R. 16; *see* A.R. 498-515). This was consistent with the earlier findings of another State agency physician, Paul Liu, D.O. In December 2009, Dr. Liu opined that plaintiff was capable of performing "simple tasks in a work setting." (A.R. 16; *see* A.R. 471-87).

By contrast, on April 13, 2010, Nurse Practitioner Michalowski completed a RFC questionnaire in which she opined that plaintiff had "marked limitations in her ability to understand and remember detailed instructions, carry out those instructions, or be able to work in proximity to others without distraction. [Plaintiff] was also stated to be markedly limited in the ability to complete a workday or workweek without an unreasonable number of breaks and rest periods. The ability to [accept] and respond to criticism was likewise markedly limited." (Plf. Brief at 5) (citing A.R. 516-18).[3] Michalowski also offered her opinion that plaintiff was "moderately limited in [8] other categories[.]" (*Id.*).

A nurse practitioner is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d); *see also Turner v. Astrue*, 390 F. App'x 581, 586 (7th Cir. 2010). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2

---

[3] Plaintiff testified that her only contact at Lansing Psychological Associates was with Nurse Michalowski. She had never seen Dr. Sigal. (A.R. 38). Nurse Michalowski had never referred plaintiff to a mental health expert, such as a psychologist or psychiatrist. (A.R. 41).

(SSA Aug. 9, 2006)). The opinions of a nurse practitioner fall within the category of information provided by "other sources." *Id.* at * 2; see 20 C.F.R. §§ 404.1513(d), 416.913(d). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at *1, 4 (citing 20 C.F.R. §§ 404.1512, .1527, 416.912, .927). This is not a demanding standard, and it was easily met here.

The ALJ considered Nurse Practitioner Michalowski's opinions and found that they were entitled to little weight because she ignored the evidence that plaintiff was malingering and accepted all plaintiff's complaints without questioning her secondary gain motive:

> I give some weight to the opinions of Dr. Liu (Exhibit 8F, 9F), Dr. McCulloch (Exhibit 12F), and Dr. Kaul (Exhibit 13F). They all agree that the claimant can perform simple work, which is an important component of the mental residual functional capacity assessed in this decision.
> * * *
> I accord less weight to Ms. Michalowski's opinion (Exhibit 15F). First, Ms. Michalowski is not a psychiatrist or psychologist. Second, it appears that Ms. Michalowski accepts the claimant's allegations at face value without independently verifying the claimant's veracity. I note that a therapist, Cathy Coscarelli, told the claimant there was nothing wrong with her (Exhibit 16F/1-6). Furthermore, Community Mental Health of Clinton Ingham Eaton staff on May 8, 2010 concurred with Ms. Coscarelli's statement (Exhibit 16F/1-6). In fact, the claimant was diagnosed with a personality order NOS, malingering, and mood disorder NOS. There seems to be a significant element of secondary gain in this case. However, Ms. Michalowski did not address this issue. Therefore, Ms. Michalowski's opinion is unpersuasive.

(A.R. 17). The issues of RFC, whether a claimant's impairments meet or equal the requirements of a listed impairment, and the ultimate issue of disability are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(d)(1), (2). The regulations make pellucid that no special significance is given to medical opinions on issues reserved to the Commissioner: "We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section." 20 C.F.R. §§

404.1527(d)(3), 416.927(d)(3). The ALJ was not required to give any particular weight to Nurse Practitioner Michalowski's opinions. He did not commit error when he discounted the nurse practitioner's opinion because she ignored the evidence that plaintiff was malingering. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). He did not commit error when he gave greater weight to the opinions of two physicians and a psychologist, because they possessed greater expertise and their opinions were consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c)(4), (5), 416.927(c)(4), (5). I find that the ALJ correctly applied the law and that his factual findings are supported by more than substantial evidence.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  March 5, 2014              /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).